UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GERALD COLE,                          :
       Plaintiff,               :
                                      :
v.                                    :   C.A. No. 13-660ML
                                      :
MARIYA DEMINA, et al.,                :
       Defendants.              :

**REPORT AND RECOMMENDATION**

Patricia A. Sullivan, United States Magistrate Judge

      On September 26, 2013, Plaintiff Gerald Cole filed a *pro se* document entitled both "Civil Right Complaint" and "Motion for restraining order and permilanary [sic] injunction," ("Complaint") along with a motion for leave to proceed *in forma pauperis* ("Motion"). The Complaint and Motion have been referred to me for review. Based on my review of his application to proceed without prepayment of fees, I conclude that the Motion (ECF No. 2) should be granted. However, because Plaintiff is proceeding *in forma pauperis*, his case is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). Based on my review of the Complaint,[1] which is based entirely on a domestic dispute pertaining to the placement, visitation and custody of a child, I find that it fails to state a claim upon which relief may be granted by this federal Court and accordingly recommend that the case (ECF No. 1) be DISMISSED without prejudice. 20 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).

      The preliminary screening statute, which is triggered by Plaintiff's *in forma pauperis* status, 28 U.S.C. § 1915(e)(2), authorizes federal courts, at any time, to dismiss actions in which

---

[1] Because Plaintiff is *pro se*, I have employed a liberal construction of the relevant pleading. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000). Nevertheless, it fails to state a claim as the Court does not have subject matter jurisdiction.

a plaintiff seeks to proceed without prepayment of fees if the action fails to state a claim on which relief may be granted, seeks monetary relief against a defendant who is immune from such relief or is frivolous or malicious.  See id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

      Plaintiff's pleadings request a restraining order and preliminary injunction barring the state court in North Carolina from ordering Plaintiff to return to that state with his son (of whom he states he has full custody) by September 25, 2013, because he has not been given enough notice of that court order and because Plaintiff fears that he and his son will be placed in danger of both physical and mental harm.  Plaintiff attached to the Complaint several North Carolina state court documents regarding this ongoing child custody/visitation dispute, as well as other documents and correspondence related to those proceedings.  In short, this Complaint arises entirely from a domestic dispute – a child custody and visitation battle with the mother and grandparents of his child in North Carolina.

      The Supreme Court has long recognized that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and to the laws of the United States."  Ex parte Burrus, 136 U.S. 586, 593-94 (1890).  This ancient doctrine was very recently reaffirmed by the Supreme Court in United States v. Windsor. 133 S. Ct. 2675, 2691 (2013) ("State laws defining and regulating marriage, of course, must respect the constitutional right of persons; but, subject to those guarantees, regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States.") (internal quotation marks and citations omitted).  "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" Elk Grove

Unified Sch. Dist. v. Newdow, 542 U.S. 1, 12-13 (2004) (quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992)).  Accordingly, this Complaint should be dismissed because this Court lacks subject matter jurisdiction.  Resendes v. Brown, No. CA 06-286 ML, 2007 WL 293955, at *3 (D.R.I. Jan. 25, 2007) (the aim of the domestic relations exception is to keep federal courts from meddling in a realm that is typically governed by state law and institutions).  To the extent that Rhode Island is an appropriate venue for Plaintiff's claims (regarding which this Court expresses no view), he must proceed in the Rhode Island state courts, presumably the Family Court.

Based on the foregoing, because the domestic relations exception to federal jurisdiction applies to Plaintiff's Complaint, it fails to state a claim on which relief may be granted as this Court lacks subject matter jurisdiction.  I recommend that it be DISMISSED without prejudice to filing it in an appropriate forum.  28 U.S.C. § 1915(e)(2)(ii).

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days after the date of service.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 27, 2013